By the Court.
 

 It appears from the record that the owner of the property described in the amended petition died intestate; that such intestate left neither wife, child, or legal representatives thereof,
 
 *437
 
 nor brother or sister of the whole or half blood, or any representative thereof, and his father and mother had died previous to his death; that such property was nonancestral and descends under paragraph 6 of Section 8574, General Code. The next of kin living at the date of the death of said J. L. Seitz, to and of the blood of the intestate, was Michael Sigling, a first cousin. This establishes the class entitled to inherit, and, there being no legal representatives of any deceased members of that class, it follows that Michael Sigling is entitled to all said estate.
 

 The case of
 
 Clayton
 
 v.
 
 Drake,
 
 17 Ohio St., 367, does not apply, for the reason that the relationship there was not the same as in the instant case, and the statute at that time did not contain the words here under consideration, to wit, “and their legal representatives.” In that case, involving the descent of ancestral property, under what is now Section 8573, General Code, the question for determination was between great-uncles and great-aunts on one side and the descendants of great-uncles and great-aunts on the other, and it was held that, there being no words of representation in the statute (51 Ohio Laws, p. 500), at the time of the intestate’s death, “the next of kin to the intestate of the blood of the ancestor from whom the estate came” were the great uncles and aunts; and the descendants of deceased great uncles and aunts were excluded. While that case holds that “the rule of the civil law is the common law of this country in the computation of degrees of kindred,” yet the statutes of descent and distribution control the descent of property in this state, and it is
 
 *438
 
 held in
 
 Schroth, Adm’r.,
 
 v.
 
 Noble,
 
 91 Ohio St., 438, 110 N. E., 1067, that:
 

 “The ‘next of kin’ as used in this statute [Section 8574, General Code, Par. 6] refers to those persons who take intestate property under the statutes of descent and distribution
 
 (Steel, Adm’r.,
 
 v.
 
 Kurtz,
 
 28 Ohio St., 191, approved and
 
 followed);
 
 that each paragraph of Section 8574, General Code, must be read in connection with all the other paragraphs for the purpose of determining who are next of kin of the blood of the intestate.”
 

 Applying this principle, paragraph 6 of Section 8574 is construed to mean that the estate passes to the living next of kin and the legal representatives of deceased next of kin of the same class as the living next of kin.
 

 Finding that Michael Sigling is of the class next of kin to and of the blood of the intestate living at the time of the death of said J. L. Seitz, and that there are no legal representatives of deceased members of that class who would be entitled to share with him in such inheritance under paragraph 6 of Section 8574, General Code, it follows that the courts below were right in sustaining the demurrer of said Michael Sigling to the amended petition, and their judgment in so doing is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.